UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERI L. DUKETT,

   **Plaintiff,**         **CASE NO.:  8:09-cv-2319-T17-TGW**

vs.

SMITH & ASSOCIATES TITLE, INC.,
a Florida Corporation, BOB GLASER,
Individually,

   **Defendants.**

_____/

### CASE MANAGEMENT REPORT

   1.  Meeting of Parties:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on ***February 5, 2010 at 11:00 a.m.*** by telephone and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| *David W. Adams, Esq.* | *Counsel for Plaintiff* |
| *Gregory A. Hearing, Esq.* | *Counsel for Defendants* |

   2.  Initial Disclosures:

     (a)  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be

liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]  The parties

    **X**               have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before ***February 19, 2010***.[2]

_____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that: _____

_____

_____

_____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). _____ objects to disclosure of such information for the specific reason(s) that:_____

_____

_____

       3.     <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

       (a)     <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

       (i)     <u>Requests for Admission</u>:

       In accordance with Fed. R. Civ. P. 36, Plaintiff intends to serve at least one set of Requests for Admission to narrow the factual and legal issues at trial.

---

[1]     A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2]     Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

Number of Request for Admissions: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26 (b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(ii)     Written Interrogatories:

In accordance with Fed. R. Civ. P. 33, Plaintiff intends to propound interrogatories to gain information, including, but not limited to, the identity of all persons with knowledge of the Plaintiff's claims; basis of Defendants' defenses; the identification of witnesses; whether exemptions exist, and Defendants compensation practices and time keeping methods. Additional interrogatories may be served based on what is learned through other discovery.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(iii)    Requests for Production or Inspection:

In accordance with Fed. R. Civ. P. 34, Plaintiff intends to request documents and/or an inspection relating to Plaintiff's claims, including, but not limited to, communications between the parties, Defendant's defenses, the identification of witness statements, time records, payroll information, e-mails sent by Plaintiff, and documents relating to any damages. Additional requests for production of documents may be served based on what is learned through other discovery.

(iv)     Oral Depositions:

Plaintiff intends to depose those with the most knowledge of Plaintiff's duties, compensation, and hours worked, as well as the deposition of the individually named Defendant and possibly other individuals revealed through discovery.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by

the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

<u>Name</u>                 Proposed Length <u>of Deposition</u>        <u>Grounds</u>

**Not applicable**

      (a)     <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: *September 3, 2010 as to collective-action related expert witnesses; and September 17, 2010, as to expert witnesses intended to be called at trial*.

      (b)     Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: *In a seasonable manner as contemplated under the Local Rules and Federal Rules of Civil Procedure.*

      (c)     Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before *November 5, 2010.*

    4.    <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

      (a)     <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (i)     <u>Requests for Admission</u>:

Defendant will serve requests for admission pursuant to the rules.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(ii)     <u>Written Interrogatories</u>:

Defendant will serve written interrogatories.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(iii)    <u>Requests for Production or Inspection</u>:

Defendant will serve requests for production or inspection.

(iv)    <u>Oral Depositions</u>:

Defendant will take the deposition of Plaintiff.  Defendant reserves the right to name additional individuals to be deposed as they are revealed through discovery.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | <u>Proposed Length of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| **Not applicable** | | |

(b)      Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: *__September 17, 2010__*.

(c)      Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: *__In a seasonable manner as contemplated under the Local Rules and Federal Rules of Civil Procedure.__*

(d)      Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before: *__November 5, 2010__*.

5.      Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

*The parties agree to produce expert witnesses for deposition without the necessity of subpoena. The experts shall be made available for deposition within 14 days after disclosure. The parties further agree to pay the expenses and fees associated with the deposition(s) of their own expert witnesses.*

*The parties agree that Plaintiff must file and serve his motion for conditional certification/motion to provide similarly situated employees, if any, notice of opt-in rights by __May 14, 2010.__ Defendant shall file and serve its response in opposition to motion for conditional certification/motion to provide all similarly situated employees notice of opt-in rights by __May 28, 2010.__*

*The parties agree to cooperate with each other to reach mutually acceptable terms for a confidentiality agreement as to anticipated discovery of confidential information should either party feel that a confidentiality agreement is necessary.*

*The parties agree to be taken off the trial calendar and to the extension of pretrial deadlines until any motion for summary judgment is decided.*

6.      Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery: *__None at this time__*.

7.     Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be:

        **Third Party Claims –** *May 28, 2010*
        **Joinder of Parties –** *June 11, 2010*
        **Potentially Dispositive Motions –** *November 22, 2010*
        **Any Responses to Dispositive Motions –** *December 17, 2010*

8.     Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

      Parties agree that settlement is
      _____ likely
      __*X*__ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). ___ _____ yes ____*X*_____ no _____ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.     Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. _____ yes ____*X*____ no _____ likely to agree in future

10.    Preliminary Pretrial Conference:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

      Track Two Cases: Parties
      _____ request
      __*X*__ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11.   <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after ***March 14, 2011*** and for trial on or after ***April 4, 2011.***  This <u>X</u> Jury _____ Non-Jury trial is expected to take approximately ***56 hours if class certification is granted or 32 hours if class-certification is denied***.

12.   <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.   Other Matters: ***The parties have no other proposals at this time.***


**/s/David W. Adams**
David W. Adams
dadams@sponslerbennett.com
Florida Bar No. 0892416
Zachary J. Glaser
zglaser@sponslerbennett.com
Florida Bar No. 0048059
Sponsler Bennett Jacobs & Adams, P.A.
Post Office Box 3300
Tampa, FL 33601
Telephone: (813)272-1400
Facsimile: (866)844-4703
Attorney for Plaintiff

**/s/Gregory A. Hearing**
Gregory A. Hearing
ghearing@tsghlaw.com
Florida Bar No. 0817790
Donna V. Smith
dsmith@tsghlaw.com
Florida Bar No. 0661201
Thompson Sizemore Gonzalez & Hearing, P.A.
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
Telephone:  (813) 273-0050
Facsimile:  (813) 273-0072
Attorneys for Defendants